People v Chapman (2019 NY Slip Op 00642)





People v Chapman


2019 NY Slip Op 00642


Decided on January 31, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 31, 2019

109525

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
KEVIN CHAPMAN, Appellant.

Calendar Date: January 4, 2019

Before: Lynch, J.P., Clark, Aarons and Rumsey, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.
Jason M. Carusone, District Attorney, Lake George (Rebecca Nealon of counsel), for respondent.



MEMORANDUM AND ORDER
Appeal from a judgment of the County Court of Warren County (Hall Jr., J.), entered April 13, 2017, convicting defendant upon his plea of guilty of the crime of murder in the second degree.
Defendant was charged in an indictment with numerous crimes, the most serious of which was murder in the second degree, as the result of his participation in a burglary that resulted in the death of the victim. In satisfaction thereof, he pleaded guilty to murder in the second degree and waived his right to appeal, both orally and in writing. In accordance with the terms of the plea agreement, he was sentenced as a second felony offender to 18 years to life in prison. He now appeals.
Initially, we reject defendant's contention that his appeal waiver is invalid. The record discloses that County Court explained in detail the legal rights that defendant was forfeiting by pleading guilty and advised him that review by a higher court was foreclosed by his waiver of the right to appeal, which was separate and distinct from his other rights. The court then provided defendant with a written appeal waiver enumerating the specific rights that he was forfeiting, including any challenge to the severity of the sentence. After reviewing it with counsel, defendant signed the written waiver in open court and indicated that he understood its ramifications. In view of the valid appeal waiver, defendant is precluded from challenging the severity of his sentence (see People v Carter, 166 AD3d 1212, 1213 [2018]; People v Cherry, 166 AD3d 1220, 1221 [2018]).
Lynch, J.P., Clark, Aarons and Rumsey, JJ., concur.
ORDERED that the judgment is affirmed.